UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-60590-CIV-COHN

GARETH GARDINER,

Magistrate Judge Snow

　　　　Plaintiff,

vs.

NOVA SOUTHEASTERN UNIVERSITY, INC.,

　　　　Defendant.

_____/

## ORDER GRANTING IN PART MOTION TO TAX COSTS

THIS CAUSE is before the Court upon Defendant's Verified Motion to Tax Costs against the Plaintiff [DE 51]. The Court has carefully considered the motion, response reply, and Court authorized sur-reply. The motion became ripe on April 6, 2007, with the passing of the deadline for Defendant's response to Plaintiff's sur-reply.[1]

Plaintiff Gareth ("Gary") Gardiner ("Plaintiff") filed this action against his former employer, Nova Southeastern University, for discrimination under the Rehabilitation Act due to his disability. On February 1, 2007, a jury returned a verdict in favor of Nova Southeastern. The Court entered judgment for Defendant.

Defendant now moves for an award of costs pursuant to 28 U.S.C. § 1920. Defendant's motion only seeks costs for deposition transcripts, witness and subpoena fees, and mediation. Plaintiff objected to the mediation cost and in its reply memorandum, Defendant has withdrawn this cost item. Plaintiff's other objection was

_____

[1] In the Court's minute order of March 26, 2007, the Court directed Defendant to respond to any sur-reply within five (5) business days. Plaintiff filed its sur-reply on Thursday, March 29, 2007, making the deadline Thursday, April 5, 2007.

based upon the lack of documentation as to the deposition transcript costs.  Plaintiff suggested that the documentation might reveal "any excessive fees such as those associated with expedited rates for the transcription and delivery of the transcripts."

Defendant submitted the documentation as an exhibit to its reply memorandum. Because the invoice for Plaintiff's deposition, the primary component of the cost motion, contained what appeared to be expedited rates, the stated cause of Plaintiff's objection, the Court entered an order on March 26, 2007 directing Plaintiff to file a sur-reply by March 29, 2007.   Plaintiff did timely file his sur-reply and continued to object to the costs for "rush courier service" ($21.85), CD ROM/Mini Transcript ($25.00), and cost differential between regular transcript service and "2-day transcript service" ($900.95). Defendant has not justified these extra costs.

Therefore, the Court concludes that the costs objected to by Plaintiff are not necessary and not recoverable under Section 1920.  "In determining whether the cost of a particular deposition is taxable, 'the district court must evaluate the facts of each case and determine whether all or any part of a copy of any or all of the depositions was necessarily obtained for use in the case.'"  Blevins v. Heilig-Meyers Corp., 184 F.R.D. 663, 666 (M.D.Ala.1999) (quoting Newman v. A.E. Staley Mfg. Co., 648 F.2d 330, 337 (5th Cir. June 1981)).   "[W]here the deposition costs were merely incurred for convenience, to aid in a more thorough  preparation of the case, or for purpose of investigation only, the costs are not recoverable."  Id. (quoting DiCecco v. Dillard House, Inc., 149 F.R.D. 239, 241 (N.D. Ga.1993)).  "[A] district judge has great latitude in determining whether a deposition was 'necessarily obtained for use in the case' or

was obtained merely for the convenience of the attorneys." Id. (quoting Newman, 648 F.2d at 337).  In this case, while the deposition of Plaintiff was necessary, the rush charges were not.

Therefore, the motion to tax costs is granted in part.   Defendant shall recover $2,020.30 in costs, consisting of $1,280.60 in deposition transcript costs and $739.70 in witness and subpoena fees, as described in the attachment to Defendant's initial motion.   Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.     Defendant's Motion to Tax Costs [DE 51] is hereby **GRANTED** in part, in the amount of $2,020.30, as explained above;

2.     The Court will separately enter judgment for costs in favor of Defendant.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 10th day of April, 2007.

JAMES I. COHN
United States District Judge

copies to:

all counsel of record

3